IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00330-AP

KATHLEEN M. BASIN,

       Plaintiff,
 v.

JO ANNE B. BARNHART, Commissioner of Social Security

       Defendant.

## JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES

### 1. APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

For Plaintiff:
David F. Traver
Traver & Traver, S.C.
P. O. Box 188
North Prairie, WI 53153
(262) 594-2096
(262) 594-2196 (fax)
E-mail: David@traverlaw.com

For Defendant:
Teresa H. Abbott
Special Assistant United States Attorney

*Mailing Address:*
*1961 Stout Street, Suite 1001A*
*Denver, Colorado 80294*
E-mail: Teresa.Abbott@ssa.gov

*Street Address:*
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
(303) 454-0404 (fax)

2.  **STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

    The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

3.  **DATES OF FILING OF RELEVANT PLEADINGS**

    Date Complaint Was Filed: February 24, 2006

    Date Complaint Was Served on U.S. Attorney's Office: March 3, 2006

    Date Answer and Administrative Record Were Filed: May 2, 2006

4.  **STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

    Defendant states that the record is complete.

    Plaintiff states that the record is not complete and that the case warrants an immediate remand for rehearing pursuant to sentence six of 42 U.S.C. 405(g). If the Commissioner cannot provide the court with a complete record within 30 days after remand, Plaintiff should be afforded the opportunity for a de novo hearing before an Administrative Law Judge.

    The first page of the transcript's index reveals that "EXHIBIT FROM PRIOR FILE 7, 8, 9 WERE UNPLUGGED PAGES 5-9-30 ALSO NOT AVAILABLE."

    Additionally, numerous portions of the transcript of the July 8, 2002 hearing are marked 'inaudible."

    The ALJ relied upon the testimony of the medical experts Dr. Humm and Dr. Schmidt, which was obtained at the hearing. Tr. 358-359. Dr. Humm's testimony has numerous inaudible segments. Tr. 449, 450, 451 (inaudible for eight seconds), 452, 458 (inaudible for 63 seconds, plus two other inaudible segments), 461, 462, 463 (11 seconds), and 464.

    Dr. Schmidt's testimony has inaudible segments at Tr. 486, 487 (two segments), 488, 489 (two segments), 491 (three segments), and 492.

    The ALJ also relied upon the testimony of a vocational expert. Tr. 362. Inaudible segments are found in the vocational expert's testimony at Tr. 496, 497 (two segments, including one for seven seconds), 498 (two segments, including one of 34 seconds).

Additionally, the Plaintiff's attorney, Travis Hansen, gave a closing argument, which is missing 39 seconds. Tr. 507 (with an additional missing segment).

**5.    STATEMENT REGARDING ADDITIONAL EVIDENCE**

Defendant states there is no additional evidence.

Plaintiff states there is no additional evidence, except for the missing evidence discussed in section four, *supra*.

**6.    STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

Defendant states that this case raises no unusual claims or defenses.

Plaintiff asserts this case raises the unusual claim that the record is not complete as discussed in section four, *supra*, and that the failure of the Commissioner to provide a complete and accurate transcript constitutes a violation of Due Process.

Briefing under these circumstances will unduly burden the plaintiff, who has no knowledge of the content of the pages deleted from the record, and no record of the testimony given during the numerous missing segments of testimony.

**7.    OTHER MATTERS**

None.

**8.    PROPOSED BRIEFING SCHEDULE**

Plaintiff's Opening Brief Due:  June 22, 2006

Defendant's Response Brief Due: July 21, 2006

Plaintiff's Reply Brief (If Any) Due: August 7, 2006

**9.    STATEMENTS REGARDING ORAL ARGUMENT**

Plaintiff's Statement: Plaintiff does not request an oral argument.

Defendant's Statement: Defendant does not request an oral argument.

**10.   CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

( ) All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.

(X) All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.

**11.   OTHER MATTERS**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S CLIENT</u>,ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

**12.   AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.*

DATED this 23rd day of May, 2006.

                                          BY THE COURT:

                                           s/John L. Kane
                                          U.S. DISTRICT COURT JUDGE

APPROVED:

s/ David F. Traver
David F. Traver
Traver & Traver, S.C.
P. O. Box 188
North Prairie, WI  53153
(262) 594-2096
David@traverlaw.com

Attorney for Plaintiff

WILLIAM J. LEONE
UNITED STATES ATTORNEY

s/ Kurt J. Bohn
KURT J. BOHN

Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
17th Street Plaza
Denver, Colorado 80202
Telephone: (303) 454-0100
kurt.bohn@usdoj.gov

s/ Teresa H. Abbott
By: Teresa H. Abbott
Special Assistant U.S. Attorney
teresa.abbott@ssa.gov

*Mailing Address:*
1961 Stout St., Suite 1001A
Denver, Colorado  80294

*Street Address:*
United States Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  (303) 454-0100

Attorney for Defendant