IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-00330-ZLW

KATHLEEN M. BASIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on Plaintiff's Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 (Doc. No. 18).

On October 19, 2006, this Court reversed the decision of the Commissioner and remanded the case for an immediate award of benefits pursuant to Sentence Four of Section 205(g) of the Social Security Act.[1]  Therefore, Plaintiff is a prevailing party under the Equal Access to Justice Act (EAJA) and seeks attorney fees pursuant to this statute.[2]  The Commissioner objects that the agency's position was substantially justified[3] and, alternatively, that Plaintiff's requested fees are unreasonable.

---

[1] Order, at 3 (Doc. No. 13; Oct. 19, 2006).

[2] 28 U.S.C. § 2412; Hackett v. Barnhart, 475 F.3d 1166, 1168 (10th Cir. 2007).

[3] Under EAJA, fees are not required to be assessed if the position of the United States is substantially justified. Hackett, 475 F.3d at 1172; 28 U.S.C. § 2412(d)(1)(A).

1

The Commissioner has the burden to prove that his position was substantially justified.[4]  "The test for substantial justification in this circuit is one of reasonableness in law and fact."[5]  In other words, the Commissioner must show that his position was "justified to a degree that could satisfy a reasonable person."[6]

The basis of this Court's remand was twofold.  First, the Administrative Law Judge (ALJ) erred when summarily rejecting Dr. Andrew Mitchell's medical opinions.[7] Dr. Mitchell was Plaintiff's treating physician and his opinions, per Social Security regulations, were entitled to controlling weight absent both substantial evidence contrary to his positions and an explanation from the ALJ why the opinion was not persuasive.  Neither of these events occurred here.  Additionally, the ALJ erred when he did not properly follow the controlling regulations when determining the weight to be given Plaintiff's subjective reports of her disabling pain.[8]

Both reasons for remand involved errors of law by the ALJ.  Although the Commissioner presented compelling arguments on appeal as to why these oversights should be considered harmless error, the fact remains that the ALJ made two critical errors of law.  Under no interpretation of the facts in this case can this Court find

---

[4] Hackett, 475 F.3d at 1172.

[5] Id. (citing Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995)).

[6] Hackett, 475 F.3d at 1172 (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

[7] See Order, at 1-2.

[8] Id. at 2-3.

multiple errors of law to be justified to a degree to satisfy a reasonable person.[9] Rather, these errors are precisely why Plaintiff needed to expend the requested fees to begin with.  Therefore, the Commissioner lacked substantial justification for his decision and an award of attorney fees to Plaintiff is appropriate under EAJA.

This case involved an extensive record spanning over ten years coupled with two ALJ decisions and a prior United States District Court remand.  The Court determines that 66.05 hours is a reasonable length of time to work on this complex case which included oral argument,[10] that $157.50 is a reasonable hourly charge given Plaintiff's counsel's experience and market rate for comparable legal services in Milwaukee, Wisconsin, and the additional 8.2 hours requested for work related to the EAJA fees application is proper.[11]  Therefore, it is

ORDERED that Plaintiff's Motion For Award Of Attorney's Fees Pursuant To The Equal Access To Justice Act, 28 U.S.C. § 2412 (Doc. No. 18) is granted over objection.  It is

FURTHER ORDERED that Plaintiff is awarded attorney's fees in the amount of $11,694.37.  It is

---

[9]See Hackett, 475 F.3d at 1174 (citing United States v. Marolf, 277 F.3d 1156, 1159 (9th Cir. 2002) ("fees generally should only be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position")).

[10]The Court notes several of The Commissioner's concerns regarding reasonableness raised in his Response were addressed by Plaintiff when time spent during travel to and from Colorado and time spent serving the Complaint, 6.15 hours total, were deducted from Plaintiff's original EAJA request.

[11]Commissioner, I.N.S. v. Jean, 496 U.S. 154, 162 (1990).

FURTHER ORDERED that Defendant Michael J. Astrue is substituted for Defendant Jo Anne B. Barnhart pursuant to Fed. R. Civ. P. 25(d), and the caption is amended accordingly.

Dated at Denver, Colorado, this __8__ day of August, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court